

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,874-01

### EX PARTE VICTOR AZIZ TORKIZADEH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 09-DCR-051353-HC1 IN THE 268TH DISTRICT COURT
### FROM FORT BEND COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of manslaughter and sentenced to twenty years' imprisonment.

The State alleged that Applicant struck and killed the victim with his van on June 23, 2007. Applicant turned over to police the 2002 van he said he was driving. The 2002 van was tested, but the results led the investigating detective to conclude that Applicant turned over a different van than the one he had been driving. The detective detailed at trial why she thought the 2002 van was not the correct van. The detective also testified that she discovered that Applicant's family owned a 2003

van, and the detective believed it was purchased on April 1, 2007—before the offense—although she agreed that she did not know what date title was acquired.

According to Applicant, the 2003 van was acquired after he turned the 2002 van over to police for inspection. Thus, he says, "[the detective] implied to the jury that Applicant gave her a different van and went on driving the van involved in the accident for 2 years, then had the van destroyed." Applicant presents evidence in support. Applicant complains that the State presented false and/or misleading testimony through the detective to wrongly impugn his character. *Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014). He also complains that counsel failed to obtain available evidence to impeach the detective's testimony about when the 2003 van was acquired. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Regarding these claims, Applicant has alleged facts that, if true, might entitle him to relief. The remaining claims in Applicant's habeas application either lack merit or are procedurally barred from habeas review. *Ex parte Gardner*, 959 S.W.2d 189, 198-200 (Tex. Crim. App. 1996). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to address the ineffective assistance claim regarding the detective's testimony and shall gather evidence to resolve whether the detective's testimony was false and/or misleading. To do so, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law regarding the above discussed ineffective assistance and false-evidence claims. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 3, 2018
Do not publish